UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **MINDER MUSIC, LTD.,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No._____ |
| ) | |
| ARIANA GRANDE-BUTERA p/k/a ) | **COMPLAINT FOR** |
| ARIANA GRANDE, an individual, ) | **COPYRIGHT INFRINGEMENT** |
| MALCOLM JAMES MCCORMICK ) | |
| p/k/a MAC MILLER d/b/a BLUE ) | |
| SLIDE PARK MUSIC, an individual, ) | |
| REPUBLIC RECORDS, INC, UMG ) | **JURY DEMAND** |
| RECORDINGS, INC., UNIVERSAL ) | |
| MUSIC GROUP DISTRIBUTION ) | |
| CORP., EMI APRIL MUSIC INC., ) | |
| SONY/ATV TUNES LLC, ) | |
| SONY/ATV BALLAD, BMG ) | |
| RIGHTS MANAGEMENT (US) LLC ) | |
| PUBLISHING, AND SONGS OF ) | |
| KOBALT MUSIC PUBLISHING, A ) | |
| DIVISION OF KOBALT MUSIC ) | |
| PUBLISHING AMERICA, INC., ) | |
| | |
| Defendants. | |

## COMPLAINT

1. Plaintiff Minder Music LTD, by its attorneys, for its Complaint against Ariana Grande-Butera p/k/a Ariana Grande, an individual, Malcolm James McCormick p/k/a Mac Miller d/b/a Blue Slide Park Music, an individual, Republic Records, Inc., UMG Recordings, Inc., Universal Music Group Distribution Corp., EMI April Music Inc., Sony/ATV Tunes LLC, Sony/ATV Ballad, BMG Rights Management (US) LLC Publishing, and Songs Of Kobalt Music Publishing, a division of Kobalt Music Publishing America, Inc. (collectively referred to hereafter as "Defendants"), alleges upon knowledge as to its own acts and upon information and belief as to the acts of others, as follows:

## THE PARTIES

2. Plaintiff Minder Music, LTD ("Minder Music") is a limited company duly organized and existing under the laws of the United Kingdom and is located at 18 Pindock Mews, London, W9 2PY UK. Minder Music is, and at all times relevant was, and continues to be, engaged in, among other things, the business of music publishing and otherwise commercially exploiting musical composition copyrights. Minder Music is the copyright owner by assignment of the musical composition "Troglodyte," written and recorded by The Jimmy Castor Bunch.

2

3. Defendant Ariana Grande-Butera p/k/a Ariana Grande ("Grande") is a performer of the infringing composition and sound recording "The Way" and conducts systematic and continuous business in Tennessee, including but not limited, to selling the album *Yours Truly*, containing the infringing sound recording and musical composition "The Way," on her personal web site to citizens of the state of Tennessee, and otherwise authorizing the infringing sound recording to be distributed in Tennessee and this judicial district. Upon information and belief, Grande is a resident of Los Angeles, California.

4. Defendant Malcolm James McCormick p/k/a Mac Miller d/b/a Blue Slide Park Music ("McCormick") is a performer, producer, and writer of the infringing composition and sound recording "The Way" and conducts systematic and continuous business in Tennessee, including but not limited to performing in Nashville, Tennessee, selling albums and concert tickets on his personal web site to citizens of Tennessee, and otherwise consenting to the distribution of the infringing sound recording and musical composition into Tennessee and this judicial district. Upon information and belief, McCormick is a resident of Pittsburg, Pennsylvania.

5. Defendant Republic Records, Inc. ("Republic Records") is a New York corporation with its principal place of business in New York. Republic Records released the album *Yours Truly*, which contains the infringing

3

composition and sound recording "The Way," and is a copyright holder of the sound recording of "The Way." On information and belief, Republic Records conducts systematic and continuous business in Tennessee and has an office located at 1219 16th Ave South, Nashville, Tennessee 37212. Republic has directed the distribution of the infringing sound recording "The Way" to Tennessee and this judicial district. On information and belief, Republic Records may be served at Law Offices of Brian S. Kriftcher, Brian S. Kriftcher Esq, 320 E. 52nd St, New York, New York, 10022.

6. Defendant UMG Recordings, Inc. ("Universal") is a Delaware corporation with its principal place of business in California. Through its subsidiaries, and/or divisions, Universal released the album *Yours Truly*, which contains the infringing composition and sound recording "The Way," and is a copyright holder of the sound recording of "The Way." On information and belief, Universal conducts systematic and continuous business in Tennessee, including directing the distribution of "The Way" to Tennessee and this judicial district, and has an office located at 401 Commerce St., Nashville, TN 37219. On further information and belief, Universal may be served at its principal place of business, 2220 Colorado Ave., Santa Monica, CA 90404.

7. Defendant Universal Music Group Distribution Corp. ("UMD") is a Delaware corporation with its principal place of business in California and has

4

manufactured and distributed the album *Yours Truly*, which contains the infringing composition and sound recording "The Way." On information and belief, Universal conducts systematic and continuous business in Tennessee, and distributed "The Way" into Tennessee and this judicial district. Upon further information and belief, UMD may be served may be served at its principal place of business, 2220 Colorado Ave., Santa Monica, CA 90404.

8. Defendant EMI April Music Inc., ("EMI") is a Connecticut corporation with its principal place of business in New York. EMI is a music publisher of the infringing composition "The Way." On information and belief EMI conducts systematic and continuous business in Tennessee and has an office located at 8 Music Square West, Nashville, TN 37203. Upon further information and belief, EMI may be served at its principal place of business 126 East 56 Street Suite 1620, New York, New York, 10022.

9. Defendant Sony/ATV Tunes LLC, ("Sony/ATV Tunes") is a Delaware limited liability company with its principal place of business in New York. Sony/ATV Tunes is a music publisher of the infringing composition "The Way." On information and belief, Sony/ATV Tunes conducts systematic and continuous business in Tennessee, and has an office located at 8 Music Square West, Nashville, TN 37203. Upon further information and belief, Sony/ATV

5

Tunes may be served at its principal place of business 550 Madison Ave., New York, New York 10022.

10. Defendant Sony/ATV Ballad, ("Sony/ATV Ballad") is an unincorporated subsidiary of Sony/ATV Music Publishing, LLC. Sony/ATV Ballad is a music publisher of the infringing composition "The Way." On information and belief Sony/ATV Ballad conducts systematic and continuous business in Tennessee, and has an office located at 8 Music Square West, Nashville, TN 37203. Upon further information and belief, Sony/ATV Ballad may be served at its principal place of business 550 Madison Ave., New York, New York 10022.

11. Defendant BMG Rights Management (US) LLC Publishing, ("BMG") is a Delaware limited liability company with its principal place of business in New York. BMG is a music publisher of the infringing composition "The Way." On information and belief, BMG conducts systematic and continuous business in Tennessee, and has an office located at 1400 18th Ave. South, Nashville, TN 37212. Upon further information and belief, BMG may be served at its principal place of business 1745 Broadway, Fl 19, New York, New York 10019.

12. Defendant Songs of Kobalt Music Publishing a division of Kobalt Music Publishing America, Inc. ("Kobalt") is a music publisher of the infringing composition "The Way." Kobalt Music Publishing America, Inc. is a Delaware

6

limited liability company with its principal place of business in New York. On information and belief, Kobalt conducts systematic and continuous business in Tennessee, and has an office located at 1019 17th Ave. South, Nashville, TN 37212. Upon further information and belief, Kobalt may be served via its registered agent at C T Corporation System, 111 Eighth Ave., New York, New York, 10011.

13. Grande and McCormick are collectively referred to as the "Infringing Performers" of the infringing composition and sound recording "The Way."

14. McCormick is additionally referred to as the "Infringing Writer" and "Infringing Producer" of the infringing composition and sound recording "The Way."

15. Republic Records, Universal, and UMD are collectively referred to as the "Infringing Record Labels" of the infringing composition and sound recording "The Way."

16. EMI, Sony/ATV Tunes, Sony/ATV Ballad, BMG, and Kobalt are collectively referred to as the "Infringing Publishers" of the infringing composition and sound recording "The Way."

## II. JURISDICTION AND VENUE

17. The jurisdiction of this Court with respect to the copyright infringement claims is based upon 28 U.S.C. §§ 1331 and 1338(a) in that the

controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. 101 *et seq.*), which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1331.

18. This Court has personal jurisdiction over the Defendants because they may be found, and conduct systematic and continuous business in this Judicial District.

19. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because the Defendants are subject to personal jurisdiction in this Judicial District and have committed unlawful acts of infringement in this Judicial District.

### III. FACTS RELEVANT TO COMPLAINT

#### A. Background

20. "Troglodyte," written, composed, and recorded by The Jimmy Castor Bunch in 1972 and released in 1972.[1] The musical composition "Troglodyte" has been registered in the United States Copyright Office, with Copyright Registration Numbers EU 330-778, EP 307-495, V2691P426, and V3202P001.

21. "Troglodyte" was originally released on the album *It's Just Begun*. *It's Just Begun* reached number 11 on the R&B charts and number 27 on the Billboard 200 chart. "Troglodyte" reached number 4 on the R&B charts and number 6 on the Billboard Hot 100 chart.

---

[1] "Troglodyte (Cave Man)" was originally released as "Troglodite."

22. Since its release, "Troglodyte" has been featured on at least 48 albums, including at least 34 compilation albums. "Troglodyte" begins with Jimmy Castor speaking the iconic phrase "What we're gonna do right here is go back, way back, back into time" (hereinafter the "'Troglodyte' Phrase"). The "Troglodyte" Phrase is incredibly popular and has been sampled and interpolated by numerous recording artists. The "Troglodyte" Phrase alone is iconic, and has been sampled, interpolated, and licensed by Minder Music for many musical compositions and sound recordings. Minder Music does not allow the "Troglodyte" Phrase to be used without license and payment, as it represents unique and valuable intellectual property. The "Troglodyte" Phrase was prominently featured in songs by Christina Aguilera and N.W.A., among others. Minder Music and its songwriters depend on royalties from the licensing of its compositions, including the "Troglodyte" Phrase. The value of "Troglodyte" copyright would be greatly diminished if the "Troglodyte" Phrase could be used without license and payment to Minder Music.

23. The U.S. copyright for "Troglodyte" was assigned, without limitation, to Minder Music by agreement on October 16, 1991 by Jimmy Castor, John Pruitt, Jimpire Music and/or Jimpire Music Publishing Company, and Jimpire Music Inc.

### C. Infringement by Defendants
#### 1. Intentional Copying of Troglodyte

9

24. This action for copyright infringement arises from Defendants' infringement of Minder Music's copyright in the musical composition "Troglodyte."

25. The Defendants are the performers, writers, producers, record labels, distributors, and publishers of the infringing and derivative musical composition "The Way," the infringing sound recording of "The Way," and the music video and other products embodying the infringing musical composition and sound recording "The Way" (collectively, the "Infringing Works").

26. To write and record the song "The Way," defendants intentionally and unlawfully copied the famous "Troglodyte" Phrase. An ordinary observer would notice that the two phrases are strikingly similar.

### 2. Unauthorized Release and Exploitation of The Way

27. The Defendants released the single for "The Way" on or about March 26, 2013, and the album entitled *Yours Truly* in the United States September 3, 2013. Republic Records, Universal, and their distributor UMD, released, manufactured, and marketed the single and the album. The infringing composition and sound recording "The Way" appear on the album titled *Yours Truly*.

28. "The Way" debuted at number 10 Billboard Hot 100 chart and just seven hours after the song's release, "The Way" topped the iTunes Store's "Top

Singles" chart. "The Way" spent 26 weeks in the Billboard Hot 100 chart, with all but two within the Top 40.

29. On or about August 23, 2013, "The Way" was certified double platinum by the RIAA for selling over 2,000,000 copies.

30. The music video of "The Way," has attracted more than one hundred million views on YouTube.

### 3. Striking Similarity Between The Way and Troglodyte

31. The "Troglodyte" Phrase, as spoken by Jimmy Castor, is "What we're gonna do right here is go back, way back, back into time." The copied phrase, as it appears in "The Way," is "What we gotta do right here is go back, back into time."

32. The similarity between the phrases is strikingly similar and would be obvious to a lay listener. It was not the product of independent creation.

33. Its similarity of words, vocal style, and rhythm are clear indicators that "The Way" is copying "Troglodyte."

34. The shared phrase is commonly recognized by listeners familiar with Jimmy Castor's genre (funk/disco) as part of the song "Troglodyte." It is considered by many in the industry to be a signature phrase identified with the Jimmy Castor Bunch. The "Troglodyte" Phrase is original to "Troglodyte." This action is, therefore, quite similar to *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, in which the Sixth Circuit Court of Appeals affirmed a finding that the vocal

lines used in the infringing song in that action infringed the musical composition "Atomic Dog." *See Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267 (6th Cir. 2009).

35. The songs' phrases are strikingly similar in several ways, including but not limited to: nearly identical lyrics; similar enunciation speed with a fast and consistent pace for "What we gotta do right" and a slightly slower pace for "here is go back," and substantially similar placement at the same places in the respective compositions. The deliberate compositional decision to place the "Troglodyte" Phrase at the beginning of "The Way," as it appears in "Troglodyte" itself, not only shows a deliberate attempt to copy "Troglodyte" compositionally, but to also evoke "Troglodyte" to the many fans of it. This placement shows a lack of any effort to conceal this deliberate infringement of this world famous composition. Given the enormous popularity of the "Troglodyte" Phrase, the defendants knew when writing "The Way," publishing it, recording it, releasing it, and distributing it, that "The Way" was infringing the musical composition "Troglodyte."

36. Among other reasons, the prominent placement at the beginning of both musical compositions makes the use prominent and important to both compositions.

37. On June 13, 2013, Minder Music wrote to Universal and Republic Records to advise that "The Way" unlawfully copied "Troglodyte." Defendants

12

have not only not ceased exploiting "The Way," but have continued their infringing activity. These notices were provided prior to the U.S. release of the album *Yours Truly*. Their actions constitute willful infringement for this reason as well.

### 4. Unauthorized Exploitation of Troglodyte

38. The Defendants have, without authorization from Minder Music, created a derivative work of "Troglodyte" and reproduced, distributed, published, displayed, publicly performed, and otherwise exploited the Infringing Works, resulting in substantial revenue for the Defendants.

39. The Infringing Performers performed and continue to perform "The Way" on the radio, at live concerts, at personal appearances, in videos, on television and/or otherwise.

40. Upon information and belief, all Defendants are responsible in some manner for the events described herein and are liable to Minder Music for damages available under the Copyright Act. The Defendants named herein are the writers, performers, producers, record labels, distributors, and publishers, who were involved with the creation, release, reproduction, distribution, exploitation, licensing, and public performance of the Infringing Works, embodied in all forms of media, including videos, digital downloads, records, motion pictures and advertisements, all of which constitute, among other things, the improper

13

preparation of a derivative work and direct, vicarious, and contributory infringement. As co-infringers, the Defendants are jointly and severally liable for all amounts owed.

41. These acts were willful, knowing, and malicious and perpetrated without regard to Minder Music's rights.

42. Despite the notice discussed above, the Defendants continue to willfully infringe on the musical composition "Troglodyte" by reproducing, displaying, distributing, exploiting, licensing, and publicly performing the Infringing Works. "The Way" continues to be reproduced, sold, distributed, publicly performed, licensed, and otherwise exploited on compact discs and albums, and as digital downloads, ringtones and mastertones, and in music videos, all without payment to Minder Music.

## CAUSES OF ACTION

## COUNT I

**Direct, Contributory, and Vicarious Copyright Infringement of "Troglodyte"**

43. Minder Music repeats and re-alleges each of the foregoing paragraphs, as though fully set forth herein.

44. Minder Music is the owner of the U.S. copyright in all rights, titles, and interests in the musical composition "Troglodyte." The musical composition is properly registered with the United States Copyright Office.

45. The Defendants' unauthorized reproduction, distribution, public performance, display, and creation of a derivative work of "Troglodyte" infringes Minder Music's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

46. The Defendants did not seek or receive permission to copy or interpolate any portion of "Troglodyte" into "The Way."

47. The Defendants' conduct has at all times been knowing, willful, and with complete disregard to Minder Music's rights.

48. As a proximate cause of the Defendants' wrongful conduct, Minder Music has been irreparably harmed.

49. The Infringing Works copy quantitatively and qualitatively distinct, important, and recognizable portions of "Troglodyte."

50. Specifically, "The Way" copies the notable and frequently licensed introduction to "Troglodyte."

51. From the date of the creation of the infringing composition and sound recording "The Way," all of the Defendants have infringed Minder Music's copyright interest in "Troglodyte" including: (a) by substantially copying and publicly performing, or authorizing the copying and public performances, including publicly performing "The Way" at radio, live concerts, personal appearances, and on video, television, and otherwise; (b) by authorizing the

reproduction, distribution, and sale of the records and digital downloads through the execution of licenses, and/or actually selling, manufacturing, and/or distributing "The Way" through various sources; (c) by substantially copying and the related marketing and promotion of the sale of the records, videos, tickets to concerts and other performances, and other merchandise; and (d) by participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of "Troglodyte" in and as part of the Infringing Works, packaged in a variety of configurations and digital downloads, mixes and versions, and performed in a variety of ways including radio, concerts, personal appearances, video, television, and/or otherwise.

52. Minder Music has received no copyright ownership interests in and for any of the exploitations of "The Way" or any of the works associated with "The Way."

53. The infringement by the Defendants has been, and continues to be, willful and knowing.

54. With knowledge of the infringement, the Defendants have induced, caused, or materially contributed to the infringing conduct of others, such that they should be found to be contributorily liable.

16

55. The Defendants had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that the Defendants should be found to be vicariously liable.

56. The infringement is continuing as the album *Yours Truly*, on which "The Way" appears, continues to be sold and both the album and single "The Way" continues to be licensed for sale, downloads, ringtones, mastertones, and other exploitations by the Defendants, or their agents.

57. As a direct and proximate result of the conduct of the Defendants, Minder Music has suffered actual damages including lost profits, lost opportunities, loss of goodwill, and lost publicity.

58. Pursuant to 17 U.S.C. § 504(b), Minder Music is entitled to damages, including the substantial profits of the Defendants, as will be proven at trial.

59. In the alternative, pursuant to 17 U.S.C. § 504(c), Minder Music is entitled to the maximum statutory damages of $150,000 per infringement.

60. Minder Music is entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

61. The Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Minder Music irreparable injury that cannot be fully compensated or measured in monetary terms. Minder Music has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Minder Music is entitled to a

permanent injunction prohibiting the reproduction, distribution, sale, public performance, or other use or exploitation of "The Way," including all Infringing Works.

## PRAYER FOR RELIEF

WHEREFORE, Minder Music prays for judgment against the Defendants and for the following relief:

    A.    A declaration that the Defendants have willfully infringed Minder Music's copyrighted works in violation of the Copyright Act;

    B.    A declaration that the Defendants are directly, vicariously and/or contributorily liable for copyright infringement, as applicable;

    C.    A permanent injunction requiring the Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of any of Minder Music's rights protected by the Copyright Act;

    D.    An award of damages pursuant to 17 U.S.C. § 504(b), including actual damages, and the profits of the Defendants as will be proven at trial, or in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each act of infringement;

E. An award of attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and under other applicable law;

F. For pre-judgment and post-judgment interest according to law, as applicable; and

G. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Local Rule 38.01, and otherwise, Minder Music respectfully demands a trial by jury.

DATED: December 11, 2013

Respectfully submitted,

By: /s/Richard S. Busch
Richard S. Busch (TN BAR# 014594)
KING & BALLOW
315 Union Street, Suite 1100
Nashville, Tennessee 37201
Telephone: (615) 259-3456
Facsimile: (615) 726-5417