UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **MINDER MUSIC, LTD.,** | ) |
| | ) Civil Action No. 3:13-cv-01379 |
| **Plaintiff,** | ) |
| | ) Chief Judge William J. Haynes, Jr. |
| v. | ) |
| | ) JURY DEMAND |
| **ARIANA GRANDE-BUTERA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### ANSWER OF DEFENDANTS REPUBLIC RECORDS, A DIVISION OF UMG RECORDINGS, INC., UMG RECORDINGS, INC., AND UNIVERSAL MUSIC GROUP DISTRIBUTION CORP.

Defendants Republic Records, a division of UMG Recordings, Inc. ("Republic"), UMG Recordings, Inc. ("UMG") and Universal Music Group Distribution Corp. ("UMG Dist." and, together with Republic and UMG, "Defendants") answer the allegations of Plaintiffs' Complaint For Copyright Infringement dated and filed December 11, 2013 (the "Complaint") as follows:

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, except deny any allegation that "The Way" is an infringing work.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, except deny any allegation that "The Way" is an infringing work.

5. Republic denies the allegations in Paragraph 5 of the Complaint, except admits

that it is a division of UMG, has its principal place of business in New York, New York and that it released the album *Yours Truly*.

6. UMG denies the allegations in Paragraph 6 of the Complaint, except admits that it is a Delaware corporation, has its principal place of business in California and an office in Tennessee, released the album *Yours Truly*, and is a copyright owner of the sound recording of the song at issue, entitled, "The Way."

7. UMG Dist. denies the allegations in Paragraph 7 of the Complaint, except admits that it is a Delaware corporation, has its principal place of business in California and that it manufactured and distributed the album *Yours Truly*.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, except deny any allegation that "The Way" is an infringing work.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, except deny any allegation that "The Way" is an infringing work.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, except deny any allegation that "The Way" is an infringing work.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, except deny any allegation that "The Way" is an infringing work.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, except deny any allegation

that "The Way" is an infringing work.

13. Defendants deny the allegations of infringement contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations of infringement contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations of infringement contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations of infringement contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint, except admit that Plaintiff purports to base jurisdiction on the statutes alleged therein.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint, except admit for purposes of this Action that personal jurisdiction over them exists in this District.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint, except admit that Plaintiff purports to base venue on the statutes alleged therein.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and respectfully refer the Court to the registrations referenced therein for the full and complete contents thereof.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

3

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and respectfully refer the Court to the documents referenced therein for the full and complete contents thereof.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint, except admit that Defendants are the record labels and distributors of the sound recording of "The Way" and the album *Yours Truly*.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint, except admit that that the musical composition "The Way" is included on the album entitled *Yours Truly* and that the single for "The Way" was released by Republic on or about March 26, 2013 and distributed by UMG Dist., and the album entitled *Yours Truly* was released by Republic in the United States on or about September 3, 2013 and distributed by UMG Dist.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, except admit that "The Way" has sold over 1,000,000 copies.

30. Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny that the musical composition "The Way" contains a "copied phrase" and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny, upon information and belief, the allegations contained in

Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 contains statements of law, to which no response is required. To the extent a response is required, Defendants deny that there are protectible or actionable similarities between the two works at issue and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding what "listeners" or "many" "recognize" or "consider."

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint, except admit that Defendants received correspondence from Plaintiff in or about June, 2013 and that Defendants responded to Plaintiff denying any infringement, and respectfully refer the Court to the correspondence referenced therein for the true and complete contents thereof.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, except deny any allegations of infringement to the extent they refer to Defendants.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint, except admit that Defendants are the record labels and distributors of the musical composition entitled, "The Way" and *Yours Truly*.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants repeat and reallege the allegations contained in Paragraphs 1 through 42

5

as if fully set forth herein.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants admit that they did not seek or receive permission from Plaintiffs because no permission was required, and deny any allegation of infringement contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint, except admit that Defendants have not offered Plaintiff any copyright interest in the sound recording of "The Way."

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint, except admit that the album *Yours Truly*, on which "The Way" appears, continues to be exploited by Defendants.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. All allegations not admitted, denied nor specifically addressed are denied. Specifically, Defendants deny that Plaintiff is entitled to any relief claimed in the Complaint.

## ADDITIONAL DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claim fails because Defendants have not engaged in any type of infringement, and there is no actionable similarity between the two songs at issue.

3. Plaintiff's claim fails because any alleged copied portions of "Troglodyte" are neither original nor a protectable expression of an idea.

4. Plaintiff's claim is barred because, upon information and belief, the writers of "The Way" independently created this song.

5. Plaintiff's claim fails to the extent that any alleged use of any portion of "Troglodyte" is *de minimis*.

6. No basis exists for injunctive relief in this action.

7. Any claim for alleged copyright infringement or damages arising therefrom more than three (3) years prior to commencement of this action are barred by the applicable statute of limitations.

8. Plaintiff's claims for equitable relief are barred, in whole or in part, by the doctrines of acquiescence, waiver, laches, unclean hands and/or estoppel.

9. In the event any award to Plaintiff is made, Defendants object to any award of prejudgment interest under the Copyright Act.

10. Defendants reserve the right to assert additional defenses. Defendants further

7

reserve the right to assert any and all additional claims, to amend this Answer, and to file further pleadings.

**WHEREFORE**, Defendants respectfully request that this action be dismissed with prejudice. They further request that all costs in this action and all expenses incurred by them, including attorneys' fees, if and to the fullest extent permitted under applicable law (including 17 U.S.C. § 505 and 15 U.S.C. § 1117) and court rule, be assessed against Plaintiff, and that all court costs be assessed against Plaintiff. Defendants further request that they be granted such other relief as the Court deems just and proper.

Respectfully submitted,

s/ Timothy L. Warnock
Timothy L. Warnock
Elizabeth O. Gonser
Riley Warnock & Jacobson PLC
1906 West End Avenue
Nashville, TN 37203
twarnock@rwjplc.com
egonser@rwjplc.com


Ilene S. Farkas
Donald S. Zakarin
Pryor Cashman LLP
7 Times Square
New York, NY 10036
ifarkas@pryorcashman.com
dzakarin@pryorcashman.com

*Attorneys for Republic, UMG and UMG Dist.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the following via the Court's electronic filing system:

Richard S. Busch
King & Ballow
315 Union Street, Suite 1100
Nashville, TN 37201
rbusch@kingballow.com

Thor Y. Urness
Bradley Arant Boult Cummings LLP
Roundabout Plaza, Suite 700
1600 Division Street
Nashville, TN 37203
turness@babc.com

Robert A. Jacobs
Emil Petrossian
Mannatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064
rjacobs@manatt.com
epetrossian@manatt.com

David Alexander Fardon
Harwell, Howard, Hyne, Gabbert & Manner, P.C.
333 Commerce Street, Suite 1500
Nashville, TN 37203
daf@h3gm.com

Allen Grodsky
Zachary Rothenberg
Grodsky & Olecki LLP
2001 Wilshire Blvd, Suite 210
Santa Monica, CA 90403-5627
allen@grodsky-olecki.com
zachary@grodsky-olecki.com

this 1st day of April, 2014.

                                                s/ Timothy L. Warnock