UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MINDER MUSIC, LTD., <br><br> Plaintiff, <br> v. <br><br> ARIANA GRANDE-BUTERA P/K/A ARIANA GRANDE, MALCOLM JAMES MCCORMICK P/K/A MAC MILLER D/B/A BLUE SLIDE PARK MUSIC, REPUBLIC RECORDS, INC, UMG RECORDINGS, INC., UNIVERSAL MUSIC GROUP DISTRIBUTION CORP., EMI APRIL MUSIC INC., SONY/ATV TUNES LLC, SONY/ATV BALLAD, BMG RIGHTS MANAGEMENT (US) LLC PUBLISHING, AND SONGS OF KOBALT MUSIC PUBLISHING, A DIVISION OF KOBALT MUSIC PUBLISHING AMERICA, INC., <br><br> Defendants. | Case No. 3:13-cv-01379 <br> JUDGE HAYNES <br><br> [PROPOSED] CASE MANAGEMENT ORDER <br><br> <u>JURY DEMAND</u> |

CASE MANAGEMENT ORDER No. 1

I. **Jurisdiction and Venue**

The jurisdiction of this Court with respect to the copyright infringement claims is based upon 28 U.S.C. §§ 1331 and 1338(a) in that the controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. 101 *et seq.*), which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1331. No dispute exists as to this Court's subject matter jurisdiction, personal jurisdiction or venue in this Action.

II. **Parties' Theories of the Case**

1. **Plaintiff's Theory of the Case**

The Defendants released the single for "The Way" on or about March 26, 2013, and the

1

album on which it appears, *Yours Truly*, in the United States September 3, 2013. The single "The Way" has enjoyed substantial success. After the single's initial success, but before the release of the album, Minder Music notified Universal and Republic Records that "The Way" unlawfully copied a signature, and frequently licensed, vocal phrase from "Troglodyte." Despite this notice, Defendants have not ceased exploiting "The Way" and have continued their willful copyright infringement of "Troglodyte."

Minder Music filed a complaint for direct, contributory, and vicarious copyright infringement of "Troglodyte" against the Defendants. Minder Music seeks all relief available under the Copyright Act, including, but not limited to, compensatory damages, damages in the form of profits of the Defendants, or statutory damages for willful copyright infringement in the alternative, injunctive relief, costs and attorneys' fees.

### 2. Defendant's Theory of the Case

Defendants dispute Plaintiff's claims of infringement. Defendants intend to demonstrate (a) there is no actionable similarity between the two songs at issue; (b) any alleged copied portions of "Troglodyte" are neither original nor a protectable expression of an idea; (c) Plaintiff's claim is barred because, upon information and belief, the writers of "The Way" independently created this song; and (d) Plaintiff's claim fails to the extent that any alleged use of the few seconds of "Troglodyte" at issue is *de minimis*.

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

#### B. **Meeting of Counsel and Parties to Discuss Settlement Prospects**

2

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a telephonic meeting to discuss whether this case can be resolved without further discovery proceedings. A party or a representative who has the authority to settle shall attend this meeting. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

### C. Other Pretrial Discovery Matters

As determined at the case management conference on **Friday, April 25, 2014**, this action is set for a jury trial on _July 28, 2015_, at _9:00_.

If this action is to be settled, the Law Clerk shall be notified by noon, _July 24, 2015_. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held _July 13, 2015_, at _3:00 p.m._ A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **Friday, November 7, 2014**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **Friday, November 7, 2014**. All discovery related statements shall be filed by the close of business on **Friday, November 14, 2014**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall meet telephonically in an effort to resolve the dispute and a jointly

3

signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and <u>Daubert</u> motions shall be filed by the close of business on **Thursday, March 19, 2015**, and any response thereto shall be filed by the close of business on **Thursday, April 9, 2015**. Any reply shall be filed by the close of business on **Thursday, April 23, 2015**.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motion.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

By the close of business on **Friday, December 12, 2014**, the plaintiff shall declare to the defendants (<u>not</u> file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **Friday, January 30, 2015**, the defendants shall declare to the plaintiff (<u>not</u> file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be served by the close of business on **Friday, February 20, 2015**. There shall not be any rebuttal expert witnesses.

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (25) pages. No reply shall exceed five (5) pages.
[2] The parties shall comply with Local Rule 56.01, except as expressly provided in this Order.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert.

For expert witnesses, and as described in Local Rule 39.01(c)(6), the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any <u>Daubert</u> challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

It is so **ORDERED**.

ENTERED this the 25th day of April, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge

Respectfully submitted,

/s/ Richard S. Busch
Richard S. Busch
King & Ballow
315 Union Street, Suite 1100
Nashville, TN 37201
rbusch@kingballow.com

*Attorney for Plaintiff Minder Music, Ltd.*

/s/ Timothy L. Warnock *w/ permission R. Busch*
Timothy L. Warnock

5