IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MINDER MUSIC, LTD., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 3:13-cv-01379 <br> ) JUDGE HAYNES <br> ) |
| ARIANA GRANDE-BUTERA P/K/A <br> ARIANA GRANDE, MALCOLM JAMES <br> MCCORMICK P/K/A MAC MILLER <br> D/B/A BLUE SLIDE PARK MUSIC, <br> REPUBLIC RECORDS, INC, UMG <br> RECORDINGS, INC., UNIVERSAL MUSIC <br> GROUP DISTRIBUTION CORP., EMI <br> APRIL MUSIC INC., SONY/ATV TUNES <br> LLC, SONY/ATV BALLAD, BMG RIGHTS <br> MANAGEMENT (US) LLC PUBLISHING, <br> AND SONGS OF KOBALT MUSIC <br> PUBLISHING, A DIVISION OF KOBALT <br> MUSIC PUBLISHING AMERICA, INC., | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## STIPULATED PROTECTIVE ORDER

The Court finds that, in the course of discovery, the Parties are likely to request and anticipate producing information and documents that the Parties believe in good faith is sensitive, confidential, proprietary, and/or personal; that the Parties have agreed to this Stipulated Protective Order for the purpose of protecting such information while facilitating the production of such information and minimizing this Court's involvement in adjudicating disputes among the Parties arising from the production of such information.

Good cause appearing, and pursuant to the stipulation and agreement of the Parties hereto, as acknowledged by the signatures of their respective counsel below, this Stipulated Protective Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

It is, therefore, hereby ORDERED that the following provisions shall govern the handling of information and documents produced by any Party in this action:

1. This Protective Order shall govern certain designated information that is produced by any Party or received from third parties in this action, whether produced in response to formal or informal discovery requests or in compliance with the Federal Rules of Civil Procedure or produced voluntarily in support of any claim or defense in this action, including (but not limited to) such information contained in documents, interrogatory responses, subpoenas, testimony (whether at trial, at deposition or in a written declaration or affidavit), responses to requests for admission, initial disclosures, expert reports or other expert-related materials.

2. Any information or materials produced by any Party or third party as part of discovery or other pre-trial aspects of this Action may be designated "Confidential" or "Attorneys' Eyes Only" by such Party or third party pursuant to Paragraph 3 of this protective order. As used herein:

(a) "Confidential Information" shall include any documents and testimony which the Producing party or third party reasonably believes not to be in the public domain and contains any trade secret or other confidential financial, business, research, development, technical, strategic, and/or personal information, the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients or, in the case of individual defendant, can reasonably be considered violative of, or detrimental to, their personal privacy if made available to individuals or entities other than those identified in paragraphs 5 and 6 below.

(b) "Attorneys' Eyes Only Information" shall include any Confidential Information which the Producing party or third party reasonably believes to be so sensitive that it is entitled to extraordinary protections afforded such information under this protective order.

(c) "Producing party" shall mean the Parties to this Action and any third-parties producing "Confidential Information" or "Attorneys' Eyes Only Information" in connection with depositions, document production, subpoenas or otherwise in the Action, or the party asserting the confidentiality thereof, as the case may be.

3. Any of the Parties or third parties producing confidential or attorney's-eyes-only material or information may designate such material or information by:

(a) With regard to documents, responses to discovery requests and tangible objects, the Producing party may affix (as by writing, stamping, labeling or the like) to the page or item containing or disclosing the confidential or attorneys-eyes-only information the term "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate, or words to that effect; or by providing written notice to all other parties in the action, before or at the time of production of such materials, that adequately describes the materials in question and whether those materials should be treated as "confidential" or "attorneys' eyes only."

(b) With regard to information disclosed at a deposition, if any depositions are permitted by the Court to be taken, the Producing party may designate such information as "Confidential" or "Attorneys' Eyes Only," as appropriate, by so indicating on the record at the deposition the testimony to which the designation applies; or by notifying the court reporter and all parties to this action, within 30 calendar days of receipt of the deposition transcript, of the portions of the testimony that should be designated as "Confidential" or "Attorneys' Eyes Only." At the Producing party's option, portions of a deposition transcript that have been designated as "Confidential" or "Attorney's Eyes Only" may be bound separately from the rest of the transcript

and marked as such. A Producing party has the right, at the deposition, to have deposition testimony containing confidential or attorneys-eyes-only information heard only by those permitted under this Protective Order to have access to such information.

4. Information designated as either CONFIDENTIAL or ATTORNEYS' EYES ONLY (including but not limited to summaries, abstracts, copies, indices and exhibits) shall be used solely for purposes of this action and shall not be disclosed to anyone other than the following persons identified in Paragraphs 5 and 6 below and except as permitted under this Protective Order.

5. Information designated as ATTORNEYS' EYES ONLY (including but not limited to summaries, abstracts, copies, indices and exhibits) shall not be made available and shall not be disclosed to any person other than:

(a) Outside counsel of record working on this action on behalf of any party to this action, together with the assistants, secretaries, paralegals and/or other clerical personnel who are actively assisting such counsel in the preparation of this action;

(b) Court stenographers, court reporters and their staff, outside deposition video services and their staff, independent contractors and/or third parties engaged to record, transfer and/or store video depositions, outside copy services, translators and graphics or design services, retained or engaged by such outside counsel in connection with their preparation of this action, and only to the extent necessary for such persons to carry out their duties in connection with this action;

(c) Mock jurors, and jury or trial consulting services, retained or engaged by such outside counsel in connection with their preparation of this action, and only to the extent necessary for such persons to carry out their duties in connection with this action, provided that

such persons are furnished with a copy of this Protective Order and execute a Declaration of Compliance in the form and substance as that attached hereto as Exhibit A;

(d) Any settlement conference officer or mediator who attempts to mediate this action (if any), together with their staff, provided any mediator is furnished with a copy of this Protective Order and executes a Declaration of Compliance in the form and substance as that attached hereto as Exhibit A;

(e) The Court and any person employed by the Court;

(f) Outside experts and consultants retained, consulted or employed by any counsel or party to this action in connection with the preparation, trial or appeal of this action, together with the employees and assistants thereof, provided that each is furnished with a copy of this Protective Order and executes a Declaration of Compliance in the form and substance as that attached hereto as Exhibit A. The Parties agree that nothing in this provision requires the Parties to take any action that would reveal the identity of such experts, other than through the normal course provided under FRCP 26(a)(2);

(g) The author(s), sender(s), addressee(s) and copy recipient(s) of any such material, or anyone identified as having authority to view the information contained therein; and

(h) The person(s) mentioned in any such document or tangible material, provided, however, that only that portion of the material that directly pertains to such person(s) shall be disclosed to them.

6. Information designated as CONFIDENTIAL (including but not limited to summaries, abstracts, copies, indices and exhibits) shall not be made available and shall not be disclosed to any person other than:

(a) The persons described in Paragraph 5 above, under the same conditions (if any); and

(b) The Parties (including officers, directors, and employees as representatives of the Parties) to this lawsuit provided that each person is furnished with a copy of this Protective Order.

7. The execution of a Declaration of Compliance, if required by this Protective Order, shall be the responsibility of the Party to which documents are disclosed and counsel for each Party shall retain a copy of each such executed Declaration of Compliance.

8. The restrictions and obligations of this Protective Order shall not apply to any information that (a) is public knowledge, (b) becomes public knowledge through no fault of any party to this protective order other than the producing party, or (c) comes into the possession of the Parties or other persons through means other than the disclosure of such information in this action.

9. Information produced in this action that has been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and the information derived therefrom (including excerpts, summaries, extracts, compilations and the like), shall be kept confidential by those who receive it, and it shall be maintained at a location and in a manner that ensures that access to the information will be limited to those persons entitled to have such access under this Protective Order. Notwithstanding the foregoing, the producing defendant shall be free to do whatever it desires with its own information.

10. If a Producing party, through inadvertence, provides any materials or information that should have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY but fails to designate them as such at the time of production, the Producing party may designate such materials as CONFIDENTIAL or ATTORNEY'S EYES ONLY by providing (a) written notice to all Parties that received the materials or information of the inadvertent production and (b) substitute copies of the materials marked, as appropriate, CONFIDENTIAL or ATTORNEYS'

EYES ONLY; or, in the case of deposition testimony, by causing the court reporter to re-issue transcripts designated in accordance with Section 3(b) above.

11. If a Party desires to file materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY with a court or to disclose in a court filing information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the Party shall take all steps required by the court to file the materials under seal.

12. This Protective Order shall remain in force and effect and shall continue to be binding on all Parties to this Order and affected persons after the conclusion of this action. When this action is finally concluded (including any appeals), all Parties or persons who received materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall return such materials to the producing Party or destroy such materials and certify to the same in writing, within 45 days of written request, if any, by the producing Party. If no such written request is made within 90 days of the conclusion of this matter, the producing Party waives his/her/its right to demand return/destruction of such materials. Any written request directed at any Party shall be delivered via email and either personal delivery or U.S. Mail to counsel of record.

13. Should a Party to this Protective Order be commanded or compelled to produce materials or information designated hereunder as CONFIDENTIAL or ATTORNEY'S EYES ONLY, as by subpoena, civil investigative demand or discovery request in a separate action or similar compulsory process that subjects the recipient to sanctions unless complied with, the Party must (a) provide the producing Party with written or electronic notice and a copy of the compulsory process; and (b) forebear, to the extent reasonably feasible, producing such materials or information for at least five (5) business days after the producing Party's receipt of such written or electronic notice, interposing, if necessary, any reasonable objections, and providing, if necessary or prudent, a copy of this Protective Order to the person seeking to command or

compel the materials or information, so that the producing Party may have an opportunity to intervene to protect its interests.

14. If any of the Parties believe that material or information that has been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY should not have been so designated, that objecting Party may move to alter or remove the objectionable designation, provided, however, that counsel has first made a good-faith effort to resolve its objection with counsel for the Producing party.

15. Neither the provisions of this Protective Order nor the filing of any materials under seal shall prevent the use of materials or information subject to this Protective Order in open court, whether at trial or at a hearing. If a Producing party desires to restrict access to the information or materials in question when used in open court, that Party must separately move the Court for an appropriate order.

16. Nothing in this Protective Order shall prevent or otherwise restrict any counsel from rendering advice to that counsel's client who is presently or becomes a Party to this action, or from examining any witness, and in the course thereof, relying upon an examination of material or information subject to this Protective Order; provided, however, that in rendering such advice or examining the witness, the counsel shall not disclose the substance of such material or information to those not authorized hereunder to receive such material or information.

17. Nothing in this Protective Order shall prevent a Party from seeking additional protection of its materials or information, or from seeking a modification of this Protective Order. This Protective Order is without prejudice to the rights of any Party or non-party to seek such additional or other relief relating to discovery as may be appropriate.

18. If a Producing party inadvertently discloses materials or information protected by the attorney-client privilege, the attorney work product doctrine, or other privilege or immunity from discovery, the Producing party may, within five (5) business days upon discovery of the inadvertent disclosure, so advise in writing all Parties that received the materials or information, request that the materials or information be returned. If such a request is made, no Party receiving same shall thereafter assert that the inadvertent disclosure waived any privilege or immunity from discovery. Further, any Party receiving such request shall return, within five (5) business days of receipt of such request the materials and information so identified.

19. Neither the provisions of this Protective Order or any Party's approval for entry of this Protective Order shall be construed as waiving or affecting any defense, including the defenses set forth in Rule 12(b) of the Federal Rules of Civil Procedure.

20. This Protective Order may be amended without leave of Court by the agreement of counsel for the Parties, in writing, by filing an amended Protective Order with the Court, signed by counsel for all Parties.

21. The Parties agree to be bound by the terms of this Protective Order effective upon filing the same through the Court's electronic filing system.

IT IS SO ORDERED. _____
WILLIAM J. HAYNES, JR.
Chief Judge, United States District Court

7-18-14